UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

August Term, 2021

(Argued: December 7, 2021      Decided: August 31, 2022)

Docket Nos. 19-997 (Lead), 19-1027 (Con)

————————————————

UNITED STATES OF AMERICA,
*Appellee,*

v.

MICHAEL AMALFI, JR., CHRISTOPHER ALVINO, PETER WILK, MICHAEL MARCIANO,
*Defendants,*

ALEXANDER GREEN, CHARLES GREEN,
*Defendants-Appellants.*

————————————————

Before:      SACK, BIANCO, *Circuit Judges*, and UNDERHILL, *District Judge*.[*]

Defendants-appellants Alexander and Charles Green were charged in the United States District Court for the Western District of New York with, *inter alia*, conspiracy to possess with intent to distribute 100 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 846. The Green Brothers filed a joint motion to dismiss the narcotics conspiracy count on the grounds that the classification of marijuana under Schedule I of the Controlled Substances Act violates their Fifth Amendment due process and equal protection rights. They argued that marijuana's scheduling has no rational basis because it does not meet the statutory criteria for inclusion on Schedule I. The district court (Wolford, *J.*) denied their motion to dismiss, concluding that they incorrectly sought to tether the rational basis inquiry to the statutory criteria. We agree with

—————————————

[*] Chief Judge Stefan R. Underhill, United States District Court for the District of Connecticut, sitting by designation.

the district court that the Act's scheduling criteria are largely irrelevant to our constitutional review because the rational basis test asks only whether Congress could have *any conceivable* basis for including marijuana on the strictest schedule. Because there are other plausible considerations that could have motivated Congress's scheduling of marijuana, we conclude that its classification does not violate the Green Brothers' due process or equal protection rights. We therefore

AFFIRM the order and judgment of the district court.

WILLIAM EASTON, Easton Thompson
Kasperek Shiffrin LLP, Rochester, N.Y., *for
Defendant-Appellant Charles Green*;

JEFFREY LICHTMAN (Jeffrey Einhorn, *on the
brief*), Law Offices of Jeffrey Lichtman, New
York, N.Y., *for Defendant-Appellant
Alexander Green*;

SEAN C. ELDRIDGE, Assistant United States
Attorney, *for* James P. Kennedy, Jr., United
States Attorney for the Western District of
New York, Rochester, N.Y., *for Appellee.*

SACK, *Circuit Judge*:

To decide this appeal, we must determine the proper scope of rational

basis review when analyzing equal protection and due process challenges to the

scheduling of a controlled substance under the Controlled Substances Act

("CSA"), 21 U.S.C. § 801. Defendants-appellants Alexander and Charles Green

(the "Green Brothers") urge us to limit the breadth of our constitutional analysis

to the CSA's scheduling criteria; that is, they argue that the inclusion of

marijuana on Schedule I—the CSA schedule with the strictest controls—violates

the equal protection and due process guarantees of the Fifth Amendment

because there is no rational basis on which to conclude that marijuana fulfills the

statutory requirements for placement on that schedule.  In particular, the CSA

requires that a substance have no accepted medical use to be listed on Schedule I,

and the Green Brothers argue that marijuana's scheduling is irrational because of

the abundant evidence that marijuana has legitimate medical uses.  They ask us

to strike down marijuana's Schedule I classification as unconstitutional and,

upon that basis, dismiss the narcotics conspiracy counts against them.

We decline to do so.  The statutory criteria in the CSA are substantially

irrelevant to our review of the Green Brothers' constitutional claims.  The rational

basis test requires us to ask whether there is *any conceivable* basis to support

Congress's decision at issue (here, to include marijuana on the strictest CSA

schedule).  Thus, even if there are accepted medical uses of marijuana such that it

would not satisfy the listing criteria for a Schedule I substance under the CSA,

that fact would not be sufficient to render marijuana's scheduling

*unconstitutional*.  Because there are plausible considerations that could have

motivated Congress to place marijuana on Schedule I, we conclude that

marijuana's scheduling does not violate the Green Brothers' due process or equal protection rights. Accordingly, we affirm the decision of the United States District Court for the Western District of New York (Wolford, *J.*) denying their motion to dismiss the charges against them for conspiracy to possess with intent to distribute 100 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 846.

## BACKGROUND

Over a four-year period, the Green Brothers were engaged in a marijuana distribution scheme. Alexander Green obtained hundreds of kilograms of marijuana from California which he shipped to his brother, Charles Green, in New York State. The Green Brothers set prices for sale and, with the aid of co-conspirators, distributed and sold the marijuana in the Rochester, New York area. On March 27, 2014, a Western District of New York grand jury returned a two-count indictment against the Green Brothers charging them with conspiracy to possess with intent to distribute 100 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 846, and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h).

The Green Brothers filed a joint motion to dismiss the narcotics conspiracy

count based on their argument that the CSA's classification of marijuana as a Schedule I controlled substance violates their due process and equal protection rights.  They argued that marijuana's scheduling has no rational basis because it does not meet the statutory criteria for Schedule I classification; that is, the CSA requires that a substance have no currently accepted medical use in treatment in the United States to fall under Schedule I, *see* 21 U.S.C. § 812(b)(1), and marijuana does have accepted medical uses.[1]  The Green Brothers made clear that they "do *not* request" a reclassification of marijuana under a different Schedule; they "simply request the Court strike the offending statutory classification as unconstitutional" and leave the issue of reclassification "to the legislative branch." Factual Allegations and Legal Authorities in Supp. of Def.'s Mots., App'x 40, ¶ 17 (Apr. 10, 2015).  In their motion to dismiss, the Green Brothers requested an evidentiary hearing to present evidence of marijuana's medical uses and build upon expert declarations submitted by two professors.

On June 27, 2016, after briefing and oral argument, Magistrate Judge

---

[1] The Green Brothers also argued that marijuana failed to meet the two other statutory requirements for Schedule I classification because, they assert, it does not have a "high potential for abuse" and there is not "a lack of accepted safety for use of the drug . . . under medical supervision."  21 U.S.C. § 812(b)(1).

Jonathan Feldman issued a Report and Recommendation recommending that no evidentiary hearing be conducted and that the Green Brothers' motion to dismiss Count 1 be denied. *United States v. Green*, No. 14-CR-6038, 2016 WL 11483508 (W.D.N.Y. June 27, 2016) (Report and Recommendation). On December 7, 2016, the United States District Court for the Western District of New York issued a decision and order adopting the Magistrate Judge's Report and Recommendation and denying the Green Brothers' motion to dismiss. *United States v. Green*, 222 F. Supp. 3d 267, 269 (W.D.N.Y. 2016).

As an initial matter, the district court tentatively rejected the government's argument that the court lacked jurisdiction over the Green Brothers' challenge to marijuana's scheduling because CSA scheduling is an administrative determination that is only subject to review in a circuit court. *Id.* at 272-73. The district court concluded that it had jurisdiction to hear a "proper constitutional challenge" to marijuana's scheduling. *Id.* at 272. However, it was "not convinced that Defendants' argument constitutes a proper constitutional challenge" because "[w]hen Defendants' argument is dissected, it essentially becomes an attack on the scheduling of marijuana based on the criteria set forth in the statute," which is "an argument that really should be asserted in a petition filed with the

6

Attorney General." *Id.* at 273. Nevertheless, the court identified binding precedent that "stands for the proposition that a defendant may challenge the scheduling of marijuana through a constitutional attack brought in the district court," even though the court "question[ed] the soundness of [that] decision[] as applied to the circumstances present here." *Id.* at 274 (citing *United States v. Kiffer*, 477 F.2d 349 (2d Cir. 1973)).

The district court also questioned whether the Green Brothers properly raised an equal protection claim. The court "ha[d] trouble reconciling how the classification of a drug, in and of itself, could implicate an individual's equal protection rights" because "[d]rugs do not have constitutional rights—people do." *Id.* Even so, the court continued its inquiry because (1) the Green Brothers also asserted a due process claim, which is more inclusive yet leads to a similar analysis, and (2) other courts have allowed defendants to launch equal protection challenges based on classifications of *things* (rather than *people*). *Id.* at 274-75.

Applying rational basis review,[2] the court held that the Schedule I

---

[2] The district court agreed with the Magistrate Judge's decision to apply rational basis review. *Id.* at 275. The Magistrate Judge applied the lowest tier of scrutiny because (1) there is no fundamental right to use, sell, or possess marijuana without facing incarceration and (2) the Green Brothers' racial classification arguments—that marijuana's scheduling was racially motivated and imposes an

classification of marijuana did not violate the Green Brothers' due process and

equal protection rights. Although the court agreed with the defendants that

"marijuana is . . . currently being used for medical purposes," it concluded that

the Green Brothers misidentified the key question in the case. *Id.* at 275. They

"focus their argument on the claim that it is not rational for Congress or the DEA

to continue to conclude that there is no acceptable medical use for marijuana,"

but "[r]ational basis review asks not whether it is reasonable to conclude that the

specific criteria in the statute have been met, but, rather, whether there is any

conceivable basis that might support the classification." *Id.* at 277. Because

"there are numerous conceivable public health and safety grounds" for placing

marijuana on Schedule I, the court concluded that there is a rational basis and

declined to dismiss the count. *Id.* at 279.[3]

---

outsized burden on people of color—failed because they could not establish that Congress acted with invidious discriminatory purpose. *Green*, 2016 WL 11483508, at *3-*4, *report and recommendation adopted*, 222 F. Supp. 3d 267 (W.D.N.Y. 2016).

[3] In the alternative, the district court concluded that the Green Brothers' claims would fail even if it were to adopt their formulation of rational basis review, and it decided that "[a]ny hearing on this issue is unnecessary." *Id.* at 280. "Whether the medical purposes for which marijuana is being used is 'accepted' continues to be debated. . . . Since the question is at least debatable, a court would err if it were to substitute its judgment for that of the legislature." *Id.* (internal quotation

On October 3, 2018, the Green Brothers pled guilty to a two-count

Superseding Information that charged them with a marijuana distribution

conspiracy and conspiracy to commit money laundering.  The district court

sentenced Alexander Green to 48 months' imprisonment on each count, to be

served concurrently, and Charles Green to 27 months' imprisonment on each

count, also to be served concurrently.  The Green Brothers reserved the right to

appeal the denial of their motion to dismiss the marijuana conspiracy count,

which they now do.

## DISCUSSION

### I.    Standard of Review

We review *de novo* the denial of a motion to dismiss an indictment.  *United

States v. Smilowitz*, 974 F.3d 155, 158 (2d Cir. 2020), *cert. denied*, 141 S. Ct. 2570

(2021).

### II.    Controlled Substances Act and Marijuana's Scheduling

The CSA—which Congress enacted as part of the broader Comprehensive

Drug Abuse Prevention and Control Act of 1970—places controlled substances

---

marks omitted).  We take no position regarding this conclusion because it is not
necessary to resolve this appeal.

into five schedules based on three factors: "[1] their accepted medical uses, [2] the potential for abuse, and [3] their psychological and physical effects on the body." *Gonzales v. Raich*, 545 U.S. 1, 13 (2005). The schedule on which a drug is placed determines the strictness of manufacturing, distribution, and use controls. *Id.* at 14. To fall under Schedule I—the strictest schedule—a controlled substance must have (1) "a high potential for abuse," (2) "no currently accepted medical use in treatment in the United States," and (3) "a lack of accepted safety for use of the drug or other substance under medical supervision." 21 U.S.C. § 812(b)(1).

When Congress first enacted the CSA, it placed marijuana on Schedule I, relying on the recommendation of the Assistant Secretary of the Department of Health, Education, and Welfare that marijuana be strictly controlled until pending studies were completed. *Raich*, 545 U.S. at 14. Yet Congress's initial scheduling of marijuana has never changed. As a result of Congress's determination, "the manufacture, distribution, or possession of marijuana became a criminal offense, with the sole exception being use of the drug as part of a Food and Drug Administration preapproved research study." *Id.* If marijuana were demoted to a lower schedule, individuals would be able to obtain it for personal medical use with a valid prescription. *See* 21 U.S.C.

§ 829(a)-(c).

The CSA prescribes a process for reclassifying controlled substances. The Attorney General has the power—now delegated to the Drug Enforcement Administration ("DEA")—to reclassify a drug, subject to certain limitations. 21 U.S.C. § 811(a); 28 C.F.R. § 0.100(b). Those seeking to challenge the government's scheduling of a controlled substance can file an administrative petition and, if necessary, obtain review of an adverse determination in a federal circuit court. *See* 21 U.S.C. § 877. As we have explained, "[t]he question [of] whether a substance belongs in one schedule rather than another clearly calls for fine distinctions, but the statutory procedure at least offers the means for producing a thorough factual record upon which to base an informed judgment." *Kiffer*, 477 F.2d at 357. "[T]he very existence of the statutory scheme indicates that, in dealing with this aspect of the 'drug' problem, Congress intended flexibility and receptivity to the latest scientific information to be the hallmarks of its approach." *Id.*

There have been several attempts to reclassify marijuana through the CSA's administrative process. *See Green*, 222 F. Supp. 3d at 272 (identifying at least six instances). But "[d]espite considerable efforts to reschedule marijuana, it

remains a Schedule I drug." *Raich,* 545 U.S. at 15.

### III.   Analysis

A.   <u>Threshold Issues</u>

Before deciding the merits of the Green Brothers' motion to dismiss, we address three threshold issues: (1) whether they bring a proper constitutional challenge, which can be adjudicated by the district court, or a statutory claim, which must be brought as an administrative petition; (2) whether, despite raising constitutional defenses, they were nevertheless required to exhaust administrative avenues for relief; and (3) whether they failed to show that their injury could be redressed by the relief they seek.

1.   *The district court had jurisdiction to hear the Green Brothers' constitutional defense.*

First, we conclude that the district court had jurisdiction over the Green Brothers' constitutional defenses irrespective of whether their proposed analysis mirrors that of an administrative petition.  The district court expressed doubt that it had such jurisdiction because it "question[ed] whether Defendants have attempted to disguise as a constitutional claim an argument that really should be asserted in a petition filed with the [DEA]." *Green*, 222 F. Supp. 3d at 273.  The CSA establishes a process for seeking reconsideration of a controlled substance's

scheduling based on the CSA's statutory factors, and that process requires individuals to file an administrative petition, the denial of which is directly reviewable in the courts of appeals. *See* 21 U.S.C. §§ 811(a), 877. The district court expressed concern that, "[a]lthough Defendants attempt to avoid that statutory scheme by couching their challenge in constitutional language, it seems as though they are really challenging the administrative determination not to reclassify." *Green*, 222 F. Supp. 3d at 273.

We appreciate the district court's concerns, but we think that there is a meaningful difference between seeking review of the denial of an administrative petition (over which the district court does not have jurisdiction) and an asserted constitutional defense, however mistaken (over which it does). Although, as discussed below, the Green Brothers misconstrued the proper constitutional question by urging us to restrict our rational basis review to statutory criteria, they nonetheless raised a constitutional defense.[4] We need not accept the

---

[4] In concluding that the Green Brothers raised a constitutional defense, we consider it worth noting that the Green Brothers did not ask the court to *re*schedule marijuana outside of Schedule I, which would have "call[ed] for fine distinctions" that are best left to administrative agencies. *Kiffer*, 477 F.2d at 357. Rather, they appropriately "request[ed] the Court strike the offending statutory classification as unconstitutional"—i.e., *de*schedule marijuana—and leave any re-classification efforts "to the legislative branch" or DEA. App'x 40.

defendants' formulation of the constitutional analysis to exercise jurisdiction over their claims.

> 2. *The Green Brothers were not required to exhaust administrative avenues for relief prior to mounting a constitutional defense.*

The government expressed skepticism as to whether the Green Brothers can raise their constitutional defense without first exhausting available administrative remedies. Administrative exhaustion is a doctrine that "holds that federal courts should refrain from adjudicating a controversy if the party bringing suit might obtain adequate relief through a proceeding before an administrative agency." *Washington v. Barr*, 925 F.3d 109, 116 (2d Cir. 2019). Although the district court ultimately concluded that it was bound to excuse the Green Brothers' failure to exhaust based on our decision in *United States v. Kiffer*, *supra*, it "question[ed] the soundness" of that precedent. *Green*, 222 F. Supp. 3d at 274. We see no issue with the rule identified in *Kiffer*, and we reaffirm that no such exhaustion is required.

In *Kiffer*, we entertained a similar constitutional challenge to marijuana's scheduling. The government argued that the criminal defendants should "be estopped from attacking . . . the constitutionality" of marijuana's scheduling until

they had fully exhausted the CSA's administrative remedies. *Kiffer*, 477 F.2d at 351. "We put to one side the obvious rejoinder that the administrative agency. . . does not have the power to declare the Act unconstitutional," because the "administrative remedy would have obtained for appellants the very relief they s[ought]" through their constitutional claim. *Id*. We nevertheless identified an additional "two reasons" for not requiring administrative exhaustion. *Id.* First, we explained that there was "some doubt" whether an administrative remedy even existed in 1973 because, at that time, the relevant official had taken the position that he could not consider petitions to reclassify marijuana. *See id*. The *Green* district court correctly noted that this reason is largely irrelevant today, because that official's position was ultimately rejected by the courts. *See Green*, 222 F. Supp. 3d at 274.

However, the second reason we identified for excusing non-exhaustion in *Kiffer* remains valid: "[E]ven assuming the existence of a viable administrative remedy, application of the exhaustion doctrine to criminal cases is generally not favored because of 'the severe burden' it imposes on defendants." *Kiffer*, 477 F.2d at 352 (quoting *McKart v. United States*, 395 U.S. 185, 197 (1969)); *see also Moore v. City of E. Cleveland*, 431 U.S. 494, 497 n.5 (1977) ("[R]equiring exhaustion of

15

administrative remedies . . . is wholly inappropriate where the party is a criminal defendant . . . asserting constitutional invalidity of the statute under which she is being prosecuted."); *Washington*, 925 F.3d at 119-20 (requiring exhaustion in civil suit challenging marijuana's scheduling but distinguishing *Kiffer*'s waiver of exhaustion because it involved a constitutional defense raised by criminal defendants). As we recently observed, "[t]he exhaustion requirement under the CSA is . . . prudential, not jurisdictional. It is not mandated by the statute. Rather, it is a judicially-created administrative rule, applied by courts in their discretion." *Washington*, 925 F.3d at 119. "[J]udge-made exhaustion doctrines, even if flatly stated at first, remain amenable to judge-made exceptions." *Ross v. Blake*, 578 U.S. 632, 639 (2016).

We see no reason to disturb the exception we recognized in *Kiffer* for criminal defendants disputing the constitutional validity of a controlled substance's scheduling. We therefore conclude that criminal defendants need not exhaust the CSA's administrative process for reclassifying a controlled substance prior to raising a constitutional defense seeking to deschedule that substance.

### 3. *The Green Brothers would benefit from the relief they seek.*

The government argues that "the classification of marijuana as a Schedule I

16

drug . . . had no effect on the Green Brothers' actual or potential punishment" because the penalty ranges for marijuana offenses are now tied to "the amount of marijuana involved, not its classification as a Schedule I controlled substance." Appellee's Br. at 13. Therefore, the government argues, the Green Brothers would have faced the same penalties whether marijuana was on Schedule I or reclassified to another schedule.[5] We disagree that the Green Brothers would not benefit from the relief they seek.

Although the government correctly notes that sentencing for marijuana offenses is currently based on weight,[6] the remedy for the unconstitutional scheduling of marijuana, if the Green Brothers' defense were to prevail, would likely be the removal of marijuana entirely from *any* schedule. Unless and until the government rescheduled marijuana, it would cease to be a "controlled substance." Thus, the distribution of marijuana would no longer be the

---

[5] The government frames this as an argument that the "Green Brothers cannot make the threshold showing that the classification of marijuana as a Schedule I drug deprives them of a constitutionally protected liberty interest," but recognizes that other courts have treated this as an argument that a defendant lacks "standing" to challenge marijuana's classification. Appellee's Br. at 13-15.

[6] *See, e.g.*, 21 U.S.C. § 841(b)(1)(A)(vii) (imposing minimum of 10 years and maximum of life for offenses involving 1000 kilograms or more of marijuana); *id.* § 841(b)(1)(B)(vii) (imposing minimum of 5 years and maximum of 40 years for offenses involving 100 kilograms or more of marijuana).

"distribut[ion] . . . [of] a controlled substance" in violation of 21 U.S.C. § 841(a)(1),

and, therefore, would not be punishable by the weight-based penalties in Section

841(b). There is, of course, a difference between the 40-year maximum the Green

Brothers faced and the lack of penalty they would face if marijuana were

descheduled. Thus, the Green Brothers have shown that their injury could be

redressed, at least in theory, by the relief they seek.

B.     Constitutional Analysis

Moving on to the constitutional questions posed by the Green Brothers, we

conclude, for substantially the reasons proffered by the district court, that that

the Green Brothers' due process and equal protection claims fail.

The Fifth Amendment includes an explicit Due Process Clause and an

implicit equal protection guarantee that is "precisely the same as . . . equal

protection claims under the Fourteenth Amendment." *Sessions v. Morales-*

*Santana*, 137 S. Ct. 1678, 1686 n.1 (2017) (quoting *Weinberger v. Wiesenfeld*, 420 U.S.

636, 638 n.2 (1975)). Since, in the context of this appeal, the due process and

equal protection claims are essentially identical, we analyze them together. *See*

*Chapman v. United States*, 500 U.S. 453, 464-65 (1991) (explaining that, in the

context of due process claims based on a "right to be free from deprivations of

liberty as a result of arbitrary sentences" caused by arbitrary statutory

classifications, "an argument based on equal protection essentially duplicates an

argument based on due process").[7]  For either type of claim, when a challenged

statute does not implicate suspect or quasi-suspect classifications or burden

fundamental rights, we apply rational basis review, which demands only that the

classification be rationally related to a legitimate governmental interest.  *See*

*Heller v. Doe*, 509 U.S. 312, 320 (1993); *Molinari v. Bloomberg*, 564 F.3d 587, 606 (2d

Cir. 2009).  The Green Brothers raise no arguments on appeal to support

applying a stricter form of scrutiny, and we conclude that rational basis review

---

[7] The district court questioned whether the defendants had properly articulated an equal protection claim, noting that "[d]rugs do not have constitutional rights—people do."  *Green*, 222 F. Supp. 3d at 274.  Although the concept of equal protection claims based on arbitrary classifications of *things* (rather than unequal treatment of *people*) is undoubtedly puzzling, the Supreme Court clearly permits such claims.  *See, e.g.*, *Minnesota v. Clover Leaf Creamery Co.*, 449 U.S. 456, 461-63 (1981) (permitting equal protection challenge to legislative classification differentially treating "plastic and nonplastic nonreturnable milk containers"); *United States v. Carolene Prods. Co.*, 304 U.S. 144, 153-54 (1938) ("[W]e recognize that the constitutionality of a statute, valid on its face, may be assailed by proof of facts tending to show that the statute as applied to a particular article is without support in reason because the article, although within the prohibited class, is so different from others of the class as to be without the reason for the prohibition.").

applies to their claims.[8]

The key question on appeal is how to properly frame our rational basis analysis. The Green Brothers argue that whether there is a rational basis for including marijuana on Schedule I requires an inquiry into whether it is rational for the government to conclude that marijuana meets each of the statutory criteria for that schedule. In particular, they assert that it is irrational to conclude that marijuana has no accepted medical uses. We conclude—as the district court did—that the Green Brothers are asking us to improperly tether the constitutional question to statutory factors. *See Green*, 222 F. Supp. 3d at 277 ("Rational basis review asks not whether it is reasonable to conclude that the specific criteria in the statute have been met, but, rather, whether there is any conceivable basis that might support the classification.").

---

[8] Although the Green Brothers include a footnote assuring us that they have not "abandon[ed] a claim that stricter scrutiny applies," Appellants' Br. at 20 n.8, they make no effort to rebut the district court's conclusions that (1) the scheduling of marijuana implicates no fundamental right, *see Green*, 2016 WL 11483508, at *3 (Magistrate Judge's report and recommendation) (quoting *Kiffer*, 477 F.2d at 352-53 ("[T]here is no colorable claim of a fundamental constitutional right to sell marihuana . . . .")), and (2) they failed to show that marijuana's inclusion on Schedule I was motivated by discriminatory intent toward a suspect class, *see id.* at *4; *Green*, 222 F. Supp. 3d at 275 (agreeing with "the reasons articulated in the Report and Recommendation" for applying rational basis review).

We reject their reasoning because, on rational basis review, "it is entirely irrelevant for constitutional purposes whether the conceived reason for the challenged distinction actually motivated the legislature." *F.C.C. v. Beach Commc'ns, Inc.*, 508 U.S. 307, 315 (1993). Indeed, "a legislative choice" to make a particular classification "may be based on rational speculation unsupported by evidence or empirical data." *Id.* Therefore, "[o]n rational-basis review, a classification in a statute . . . comes to us bearing a strong presumption of validity." *Id.* at 314. It is not enough for "those attacking the rationality of the legislative classification" to argue that Congress's *stated* reasons do not support the decision it made; rather, challengers "have the burden to negative *every conceivable basis* which might support it." *Id.* (emphasis added) (internal quotation marks and citation omitted). The rational basis test is thus an extremely deferential standard. It precludes second-guessing Congress's "wisdom, fairness, or logic of legislative choices." *Heller*, 509 U.S. at 319 (quoting *Beach Commc'ns, Inc.*, 508 U.S. at 313). Accordingly, if a classification's rationality is "at least debatable," we must refrain from questioning Congress's judgment. *Clover Leaf Creamery Co.*, 449 U.S. at 464 (internal quotation marks omitted).

Thus, even if marijuana's classification would not survive an

administrative petition for rescheduling because it fails to meet the statute's enumerated criteria, it is not *unconstitutional* unless there is no conceivable basis for placing marijuana on the strictest schedule. The Green Brothers convincingly argue that it is irrational for the government to maintain that marijuana has no accepted medical use, and we agree with the district court that—if this were an appeal from an agency's denial of a petition to reschedule marijuana—it would therefore be difficult for us to conclude otherwise. *See Green*, 222 F. Supp. 3d at 275. But that is not enough to establish their equal protection and due process defenses. As we have explained, they "must do more than show that the legislature's *stated* assumptions are irrational—[they] must discredit any conceivable basis which could be advanced to support the challenged provision, regardless of whether that basis has a foundation in the record, or actually motivated the legislature." *Beatie v. City of New York*, 123 F.3d 707, 713 (2d Cir. 1997) (internal citations omitted and emphasis in original). As the district court recognized, "there are numerous conceivable public health and safety grounds that could justify Congress's and the DEA's continued regulation of marijuana as a Schedule I controlled substance." *Green*, 222 F. Supp. 3d at 279. More specifically, as the district court explained:

22

One need only review the DEA's most recent denial of a petition to reschedule to recognize the continuing public health and safety issues associated with marijuana use—it "induces various psychoactive effects that can lead to behavioral impairment"; it can result in a "decrease in IQ and general neuropsychological performance" for those who commence using it as adolescents; it may result in adverse impacts on children who were subjected to prenatal marijuana exposure; it "is the most commonly used illicit drug among Americans aged 12 years and older"; and its use can cause recurrent problems related to family, school, and work, including repeated absences at work and neglect of family obligations.

*Id.* (quoting Denial of Petition to Initiate Proceedings to Reschedule Marijuana, 81 Fed. Reg. 53,767, 53,770, 53,774-75, 53,783-74 (Aug. 12, 2016)). And "[w]here there are plausible reasons for Congress' action, our inquiry is at an end." *Beach Commc'ns, Inc.*, 508 U.S. 307, 313-14 (internal quotation marks omitted).[9]

For these reasons, we conclude that the district court properly rejected the Green Brothers' equal protection and due process defenses.

---

[9] We also reject the Green Brothers' argument that they are entitled to a hearing to force the government to produce evidence of a rational basis for marijuana's scheduling. Because the burden is on the Green Brothers "to negative every conceivable basis" for placing marijuana on the strictest schedule, there is also no need for the government to produce evidence to support the classification. *Beach Commc'ns, Inc.*, 508 U.S. at 315 (internal quotation marks omitted); *see Heller*, 509 U.S. at 320 (explaining that, on rational basis review, the government "has no obligation to produce evidence to sustain the rationality of a statutory classification").

## CONCLUSION

We have considered the Green Brothers' remaining arguments on appeal

and conclude that they are without merit.  For the reasons explained above, we

AFFIRM the order and judgment of the district court.